UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>Plaintiff,<br><br>v.<br><br>S. SHERMAN, et al.,<br><br>Defendants. | No. 1:19-cv-00226-DAD-BAM (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. Nos. 2, 7, 12) |

Plaintiff Richard A. Evans, a state prisoner, proceeds *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 15, 2019, plaintiff commenced this action by filing a complaint (Doc. No. 1) and an application to proceed *in forma pauperis* (Doc. No. 2). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 21, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in plaintiff's complaint to do not satisfy the "imminent danger of serious physical

1

injury" exception to § 1915(g).  (Doc. No. 7.)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 2–3.)  On March 4, 2019, plaintiff filed objections (Doc. No. 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the undersigned declines to adopt the findings and recommendations.  Specifically, the undersigned finds that two of the three dismissal orders relied upon in the findings and recommendations as strikes under 28 U.S.C. § 1915(g) are not strike dismissals under the statute.  Each of those dismissal orders relied upon in the findings and recommendations is addressed in turn below.

The findings and recommendations rely upon the dismissal order in *Evans v. Suisun Police Department*, 2:17-cv-01889-KJM-CMK (E.D. Cal. Aug. 7, 2018) as a prior strike.  A review of the docket in that case establishes that the action was dismissed "*for failure to state a claim* and for lack of prosecution and failure to comply with court rules and orders." (*Suisun Police Department*, Doc. No. 16 at 2) (emphasis added).  Accordingly, the dismissal of that case counts as a strike against plaintiff under 28 U.S.C. § 1915(g).

Next, the findings and recommendations rely upon the dismissal in *Evans v. California Department of Corrections and Rehabilitation*, 2:17-cv-01891-JAM-KJN (E.D. Cal. Jan. 18, 2018) ("*CDCR 1*") as a strike.  In the order dismissing that action, the district judge "adopted in full" the magistrate judge's recommendation and dismissed the action without prejudice.  (*CDCR 1*, Doc. No. 13 at 1.)  Although the findings and recommendations pending before the undersigned in the present case state that *CDCR 1* was "dismissed . . . for failure to prosecute, following a screening order dismissing [the] complaint for failure to state a claim" (Doc. No. 7 at 2 n.1), the undersigned notes that in *CDCR 1*, the dismissal order adopting the findings and recommendations did not state the grounds upon which it was dismissing the case without prejudice (*see CDCR 1*, Doc. No. 13 at 1).  Moreover, the findings and recommendations in *CDCR 1* pointed only to plaintiff's failure to file an amended complaint as directed as the basis for the dismissal.  (*CDCR 1*, Doc. No. 12 at 1.)  The undersigned acknowledges that the magistrate judge's screening order in *CDCR 1* did include a statement that "plaintiff's allegations

2

fail[ed] to state a cognizable Eighth Amendment violation."  (*CDCR 1*, Doc. No. 9 at 3.)
However, the undersigned is not persuaded that such a conclusion reached by a magistrate judge in a screening order that grants leave to amend can form the basis of a § 1915(g) strike dismissal under circumstances where that plaintiff subsequently fails to file an amended complaint, the magistrate judge recommends dismissing the action solely for failure to file an amended complaint, and the district court "adopts in full" that recommendation and dismisses the case without any reference to whether the original complaint failed to state a claim.

The findings and recommendations pending before the undersigned in the present case rely on the decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017), for the proposition that when courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim."  (Doc. No. 7 at 2 n.1) (quoting *Harris*, 863 F.3d at 1142).[1]  However, applying the holding in *Harris*, the dismissal in *CDCR 1* does not count as a strike under § 1915(g) because the *district court* did not dismiss *CDCR 1* for failure to state a claim.  *See Harris*, 863 F.3d at 1143 ("Accordingly, we hold that when (1) *a district court* dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).") (emphasis added).  Indeed, in each of the four cases that were counted as strikes against the plaintiff-appellant in *Harris*, the screening order dismissing for failure to state a claim with leave to amend was issued by a district judge, not a

/////

/////

---

[1] This same principle was adopted by the court in *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  Nonetheless, the Ninth Circuit has also held that "prior dismissals . . . qualify as strikes only if, after reviewing the *orders dismissing those actions* and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (emphasis added).  Finally, a PLRA strike is only assessed "when the 'case as a whole' is dismissed for a qualifying reason under the Act." *Washington v. Los Angeles Cty. Sheriff's Dept.*, 833 F.3d 1048, 1057 (9th Cir. 2016) (quoting Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007)).

magistrate judge.[2] The magistrate judge's screening order in *CDCR 1* was not an order of dismissal, nor could it have been. *See Williams v. King*, 875 F.3d 500, 502–05 (9th Cir. 2017) (because unserved, not yet appearing named defendants had not consented to magistrate judge jurisdiction, the assigned magistrate judge lacked jurisdiction to dismiss the prisoner plaintiff's complaint for failure to state a claim upon screening); *see also Branch v. Umphenour*, 936 F.3d 994, 1005 (9th Cir. 2019) ("Without consent, a magistrate judge is limited to submitting a report and recommendation on dispositive pretrial motions, including motions to dismiss for failure to state a claim . . .. The magistrate judges who screened Branch's various complaints lacked jurisdiction to dismiss his claims.").[3] In short, in *CDCR 1* the court simply never dismissed plaintiff's complaint on the ground that he failed to state a claim. Rather, according to the district judge's order of dismissal, that case was dismissed solely due to plaintiff's failure to file an amended complaint, i.e. for failure to abide by the court's order or to prosecute. Therefore, neither the decision in *Harris* nor the one in *El-Shaddai* compels a finding that the dismissal of *CDCR 1* counts as a strike dismissal against plaintiff.

/////

---

[2] The practice of designating dismissals as "strikes" under § 1915(g) in orders of dismissal has been criticized because it is the subsequent courts who must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule. In this regard, the Second Circuit has stated: "[D]istrict courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately—upon determination at the appropriate time—qualify as strikes under the terms of § 1915(g)." *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004); *see also Andrews v. King*, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005) ("[T]he district court is not required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)."); *Shabbazz v. Fischer*, No. 9:11-CV-0916 (TJM/ATB), 2012 WL 3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08CV1498–JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal). Nonetheless, unlike the present case, the district judge's screening orders in *Harris* also specifically warned plaintiff that failure to file an amended complaint would result in a strike dismissal.

[3] The Ninth Circuit also observed: "This juxtaposition—"the court" on the one hand, "a magistrate judge" on the other—suggests two different entities. In context, then, "the court" is most naturally understood as referring to a district judge." *Branch*, 936 F.3d at 1002.

4

For these same reasons, the court finds that the last case relied upon in the pending findings and recommendations as a strike dismissal—the dismissal in *Evans v. California Department of Corrections and Rehabilitation*, 2:17-cv-01890-JAM-CMK (E.D. Cal. Apr. 26, 2018) ("*CDCR 2*")—also does not count as a strike under § 1915(g). In *CDCR 2*, the district judge "adopted in full" the assigned magistrate judge's recommendation and specifically dismissed the action solely "for plaintiff's failure to prosecute." (*CDCR 2,* Doc. No. 14 at 2 (citing E.D. Cal. R. 110; Fed. R. Civ. P. 41).) Moreover, the findings and recommendations that were adopted in the order of dismissal issued in *CDCR 2* recommended dismissing the action solely due to plaintiff's "failure to prosecute," citing the same rules. (*CDCR 2*, Doc. No. 13 at 2.) As in *CDCR 1*, in *CDCR 2*, the magistrate judge screened the original complaint and found that "[p]laintiff fail[ed] to allege a cognizable Eighth Amendment claim." (*CDCR 2*, Doc. No. 9 at 6.) However, that screening order was also issued by the magistrate judge, who, for the reasons discussed above, lacked jurisdiction to dismiss the complaint. *See Williams*, 875 F.3d at 502–05; *Branch*, 936 F.3d at 1005. In short, the district court never issued any order dismissing the complaint in that action on the ground that it failed to state a claim. Accordingly, the undersigned concludes that the dismissal of *CDCR 2* also does not count as a strike dismissal against plaintiff.[4]

Finally, after the magistrate judge issued the findings and recommendations pending before the court in this case, plaintiff filed a "motion for federal protection." (*See* Doc. No. 12.) Therein, plaintiff argues that various state and federal officials have "failed to consider, recognize, or acknowledge [his] state & federal due process rights," and that he has been falsely charged with and wrongfully convicted of sexually abusing minors. (*Id.* at 1.) Plaintiff seeks federal protection, release from CDCR custody, and that judicial notice be taken of several

---

[4] The court also observes that in considering another issue involving application of § 1915(g), the Ninth Circuit has cautioned that an "overly detailed" inquiry by the court would only have the effect of "spawning additional litigation and creating mini-trials over whether a prisoner" is barred from proceeding *in forma pauperis* pursuant to that provision. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). The warning is equally applicable here. As evidenced by this case, the reviewing of screening orders in earlier litigation that were never adopted by the district court in order to determine a plaintiff's eligibility to proceed *in forma pauperis* would hardly appear to be a wise use of scarce judicial resources.

pending actions. (*Id.*) The court interprets plaintiff's motion as one seeking preliminary injunctive relief. However, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Here, plaintiff's motion fails to meet any of these requirements. Accordingly, plaintiff's motion will be denied.

For the reasons set forth above:

1. The undersigned declines to adopt the February 21, 2019 findings and recommendations (Doc. No. 7);
2. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted;
3. Plaintiff's motion for federal protection (Doc. No. 12), deemed by the court to be a motion for preliminary injunctive relief, is denied; and
4. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **October 18, 2019**

UNITED STATES DISTRICT JUDGE