# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHERMAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00226-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SAN QUENTIN TRANSFER<br><br>(ECF No. 28)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Richard Evans ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's February 10, 2020 motion requesting a transfer to San Quentin, because they have a law office, and no law library limitations. (ECF No. 28.) Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California, and alleges issues with access to the Court at his current institution and yard. (Id.) The Court construes the request as a motion for preliminary injunction.

**II.　Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

In his motion, Plaintiff is requesting that the Court interfere with CDCR's prison administration in determining the housing of a prisoner. Such relief cannot be granted. Although the Court understands that Plaintiff is alleging difficulties in obtaining his desired level of access to legal materials and the law library at his current facility, he does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). Meachum v. Fano, 427 U.S. 215, 224–25 (1976); McCune v. Lile, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security issue presented by placement of inmates in particular housing, merely because Plaintiff believes that he might have access to different resources at another institution.

### III. Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a transfer to San Quentin, (ECF No. 28), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 12, 2020**        /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE