| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS, | Case No. 1:19-cv-00226-DAD-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR COPIES OF APPEAL PROCEEDINGS (ECF No. 29) |
| v. | |
| SHERMAN, *et al.*, | ORDER GRANTING PLAINTIFF A THIRD EXTENSION OF TIME TO FILE A FIRST AMENDED COMPLAINT |
| Defendants. | |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Richard Evans ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 30, 2019, the Court issued a screening order finding that Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim upon which relief may be granted. (ECF No. 15.) Plaintiff was directed to file an amended complaint within thirty days. (Id.) Plaintiff was granted two extensions of time to file his amended complaint, which was due on or before January 22, 2020. (ECF Nos. 17, 19.)

Since the Court granted Plaintiff his second extension of time to file his amended complaint, Plaintiff has filed seven documents, all purporting to be notices to the Court or some type of judicial or administrative notice. (See ECF Nos. 20–25, 27.) On February 10, 2020, Plaintiff also filed a motion seeking "Copies of Appeal Proceedings A151459," which appears to

1

refer to documents from a case in Solano County.  (ECF No. 29.)

With respect to Plaintiff's request for copies in the Solano County litigation, the motion is denied.  The Court does not possess the "official appeal proceedings" that Plaintiff appears to be requesting, and it appears from the motion that the request was originally intended to be submitted to the First District Court of Appeal, rather than to the undersigned.

The Court has reviewed the various "notices" filed by Plaintiff from January 6, 2020 through February 3, 2020, (ECF Nos. 20–25, 27), and finds that they generally do not apply to the instant action.  The notices are mainly comprised of laundry lists of Plaintiff's complaints about the law librarian at his current institution, his desire to make additional copies of certain legal documents, and his conflicts with the library schedule, among other issues.  (Id.)

To the extent Plaintiff is requesting that the Court take judicial notice of the allegations made in each of these "notices," the documents submitted do not contain the types of adjudicative facts that are judicially noticeable.[1]

If Plaintiff is attempting to allege further facts that are related to the underlying claims in this case, such facts should be included in his first amended complaint, **in a single complaint**, rather than filed haphazardly as individual notices each time Plaintiff believes his rights have been violated.  Future documents filed as "notices" that are unrelated to the claims in this action may not be accepted for filing by the Court.

The Court further notes that Plaintiff never requests any form of relief in any of the various "notices."  Plaintiff is warned that in the future, documents requesting a court order must be styled as a "motion," rather than a letter or a notice, and specify what relief is requested.  See Fed. R. Civ. P. 7(b)(1).  As Plaintiff has indicated difficulties accessing the law library at his institution, the Court will make a one-time exception and construe his various notices as a request for a further extension of time to file his first amended complaint.  **However, future requests for extension of time regarding this deadline must be filed as "motions" and will be subject to a**

---

[1] Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).

**narrow interpretation of what constitutes good cause.**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for copies of appeal proceedings, (ECF No. 29), is DENIED;
2. Plaintiff is granted a third extension of time to file his first amended complaint;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's October 30, 2019 screening order or file a notice of voluntary dismissal; and
5. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order**.

IT IS SO ORDERED.

Dated: **February 12, 2020**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE