# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHERMAN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00226-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>(ECF Nos. 40)<br><br>ORDER DISREGARDING PLAINTIFF'S JUDICIAL AND ADMINISTRATIVE NOTICES<br>(ECF Nos. 33, 34, 36, 37, 38, 41, 42, 44, 45, 46) |

Plaintiff Richard Evans ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint is currently awaiting screening.

On February 13, 2020, the Court granted Plaintiff a third extension of time to file his first amended complaint, after reviewing several "notices" Plaintiff had filed relating to various issues regarding the law librarian at his current institution, his desire to make copies of certain legal documents, and conflicts with the library schedule. (ECF No. 32.) As Plaintiff's first amended complaint was still due at that time, the Court construed the notices as an indication of Plaintiff's need for additional time to access the law library in order to file his amended complaint. Plaintiff was provided with the legal standards for judicially noticeable facts, and informed that none of the documents submitted contained the types of facts that are judicially noticeable. Plaintiff was also warned that, in the future, documents requesting a court order must be styled as a "motion,"

rather than a letter or a notice, and specify what relief is requested. (Id. at 2.)

Since the February 13, 2020 order was issued, Plaintiff has filed ten judicial and/or administrative notices, (ECF Nos. 33, 34, 36, 37, 38, 41, 42, 44, 45, 46), and one request for judicial notice, (ECF No. 40). These notices are often filed within days of one another, or several are filed on the same date. A majority of them contain allegations or documents regarding events that occurred well after this lawsuit was filed in February 2019, and none of them contain the types of adjudicative facts that are judicially noticeable.[1] In addition, these filings are not styled as motions, do not request any particular form of relief, and do not explain the significance of any of the attached documents or letters.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for judicial notice, (ECF No. 40), is DENIED;
2. Plaintiff's judicial and/or administrative notices, (ECF Nos. 33, 34, 36, 37, 38, 41, 42, 44, 45, 46), are DISREGARDED; and
3. <u>Plaintiff is advised that documents submitted to the Court after the date of this order that are not properly styled as a motion or other document recognized under the Federal Rules of Civil Procedure will be stricken from the record or returned without further notice.</u>

IT IS SO ORDERED.

Dated: __April 10, 2020__     /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] As Plaintiff was previously informed, Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Civ. 201(b).