# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS, | Case No. 1:19-cv-00226-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. SHERMAN, et al., | (ECF No. 39) |
| Defendants. | |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Richard A. Evans ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On October 30, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 15.) Plaintiff's first amended complaint, filed on March 16, 2020, is currently before the Court for screening. (ECF No. 39.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the amended complaint are alleged to have occurred. Plaintiff names the following defendants: (1) S. Sherman; (2) Chief Deputy Warden T. Cisneros; (3) Associate Warden A. Williams; (4) Associate Warden Brightwell; (5) Associate Warden S. Marsh; (6) E-Yard Captain J. Ourique; (7) Senior Librarian V. Hampson; (8) E-Yard Librarian Figueroa; (9) Librarian G. Burke; and (10) Correctional Counselor C. Mauldin.

Claim I

In Claim I, Plaintiff asserts a violation of his right of access to the court and litigation copies.  He alleges as follows:

- While on SATF E-Yard, I was subjected[to] multiple prejudicial acts and outrageous conduct, that resulted in my denial of access to court, deprived me of the litigation copies necessary to initiate legal proceedings, respond to legal prosecution of misconduct, & to meet court deadlines on state and federal cases.

- I have been subjected to denial of my litigation copies on multiple

- occassions [sic], despite my showing of the need of the "advancing litigation" copies, by SATF E-Yard Librarian Figueroa.

- I have been subjected to harassment & retaliation, from SATF E-Yard Librarian (Figueroa), & SATF Senior Librarian (V. Hampson), due to the administrative remedies I have filed, for denial of access to court.

- CDCR SATF has failed to recognize, consider, or acknowledge my administrative remedies on SATF E-Yard Librarian and the SATF Senior Librarian.

- All of these factors altered all of my litigation and court proceedings, in the state and federal court, which has deprived [me] of my due process rights.

(ECF No. 39 at 3, 5.)

Claim II

In Claim II, Plaintiff forwards a claim for denial of access to the court and denial of litigation copies. He alleges as follows:

- Since I have been on F-Yard, I have been subjected to multiple prejudicial acts & outrageous conduct, that resulted in my denial of access to court, depriving me of the litigation copies needed to initiate legal proceedings or prosecute misconduct, & to miss the state and the federal court deadlines.

- I have been subjected to denial of my litigation copies, on multiple occasions, despite my showing of the need of the "advancing litigation" copies, by SATF Temporary Librarian G. Burke.

- I have been subjected to harassment & retaliation, from SATF F-Yard Temporary Librarian (G. Burke), & SATF Senior Librarian (V. Hampson), due to filed administrative remedies on them.

- CDCR has failed to hire a [permanent] F & G Yard librarian at SATF. The prior law library limitations of 2.5 days a week, decreased to 1.5 – CDCR SATF has also failed to recognize, consider, or acknowledge my administrative remedies on SATF Level 2 law library limitations and librarians on F- and G-Yard.

- All of these factors altered all of my litigation proceedings, including the court deadlines in the state and federal court, depriving me of my due process rights.

(ECF No. 1 at 5-6.) As relief, Plaintiff seeks a transfer and monetary damages.

**III.   Discussion**

**A.   Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are

3

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

As with his original complaint, Plaintiff's amended complaint is short, but it is not a plain statement of his claims. The allegations are conclusory, lacking sufficient factual detail to state a claim for relief that is plausible on the face of the amended complaint. Indeed, the amended complaint lacks a clear chronology of events and, as discussed below, does not include allegations mentioning conduct by the majority of the named defendants in this action. Plaintiff was previously advised of the Rule 8 pleading requirement, but he has been unable to cure the identified deficiencies.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's amended complaint fails to link Defendants Sherman, Cisneros, Williams, Brightwell, Marsh, Ourique, and Maudlin to his factual allegations. Indeed, throughout the complaint, Plaintiff either fails to link any of the named defendants in his allegations or simply

4

lumps all defendants together.  As pled, Plaintiff's amended complaint makes it impossible for the Court to draw the necessary connection between the actions or omissions of Defendants Sherman, Cisneros, Williams, Brightwell, Marsh, Ourique, and the alleged denial of Plaintiff's constitutional rights.  Plaintiff has been unable to cure this deficiency.

### C. First Amendment – Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2001) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 civil rights actions. Lewis v. Casey, 518 U.S. 343, 354–55 (1996).  A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (finding that district properly granted summary judgment because prisoner had no "allege[d] injury, such as inability to file a complaint or defend against a charge" resulting from deficiencies in access to legal materials) (quoting Lewis, 518 U.S. at 353 & 353 n. 4).

Here, as with his original complaint, Plaintiff's amended complaint fails to state a cognizable claim for denial of access to court. Plaintiff's amended complaint does not state sufficient facts to demonstrate that he was pursuing a non-frivolous direct criminal appeal, habeas corpus proceeding, or § 1983 action.

Even if Plaintiff's allegations concern a direct criminal appeal, habeas corpus proceeding, or § 1983 action, the amended complaint does not state facts sufficient for the Court to determine whether any such court action was nonfrivolous.  Plaintiff also fails to state what happened in

5

cases where he is claiming a denial of court access, and although he alleges that he suffered harm, his conclusory statements are insufficient to support a claim.

### D.     First Amendment - Retaliation

Plaintiff's amended complaint implicates a claim for retaliation. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F. 2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a cognizable claim for relief based on retaliation in violation of his First Amendment rights. Plaintiff's allegations are insufficient to demonstrate that any defendant took an adverse action against him because of any protected conduct, and he fails to link any defendant to this alleged conduct. There also is no indication that the copies or limitations on library access were not properly denied consistent with legitimate correctional goals. Plaintiff has been unable to cure this deficiency.

### E.     Administrative Appeals/Grievances

Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.19 88). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2,

2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening, investigation or processing of his grievances or complaints.

### IV.   Conclusion and Recommendations

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2020**             /s/ Barbara A. McAuliffe           _
                                     UNITED STATES MAGISTRATE JUDGE