# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERMAN, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00226-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 51) |

       Plaintiff Richard Evans ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

       On April 10, 2020, following Plaintiff's repeated filings of "Judicial and Administrative Notices," the Court issued an order disregarding these notices as containing allegations occurring well after the filing of this lawsuit in February 2019, and not containing the types of adjudicated facts that are judicially noticeable. (ECF No. 47.) Plaintiff had been informed prior to that order regarding the legal standards for judicially noticeable facts. (ECF No. 32, p. 2.) In light of Plaintiff's repeated and frequent filings of the same nature, the Court advised Plaintiff that documents submitted to the Court after April 10, 2020, not properly styled as a motion or other document recognized under the Federal Rules of Civil Procedure would be stricken from the record or returned without further notice. (ECF No. 47, p. 2.)

///

1    Currently before the Court is Plaintiff's motion for reconsideration of the Court's April
2    10, 2020 order disregarding his judicial and administrative notices, filed April 22, 2020.  (ECF
3    No. 51.)  Plaintiff states that while he acknowledges and understands the Court's order, he seeks
4    reconsideration.  Plaintiff states that he does not know what else to do but "document misconduct
5    and show the chain of harassment from [his] oppressor (CDCR)."  (Id. at 1.)  Plaintiff requests
6    that the Court advise him as to what else he should do.  Plaintiff further argues that his
7    submissions do contain judicially noticeable facts, because they: "(1) Are not 'generally known
8    within the trial court's territorial jurisdiction'; & (2) they cannot be 'accurately and readily
9    determined from sources whose accuracy cannot reasonably be questioned.'"  (Id. at 2.)  Plaintiff
10   then includes a list that he alleges are not subject to reasonable dispute.  (Id.)  The Court notes
11   that the list is comprised of the same types of conclusory allegations regarding cases and incidents
12   unrelated to the instant action, as have been previously included in Plaintiff's past judicial and
13   administrative notices.

14   With respect to Plaintiff's argument that the information included in his various notices
15   meet the legal standard for judicially noticeable facts, Plaintiff is informed that he has interpreted
16   the legal standard incorrectly.  Rule 201(b) of the Federal Rules of Evidence provides that a court
17   may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally
18   known within the trial court's territorial jurisdiction; or (2) can be accurately and readily
19   determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).
20   Plaintiff's characterization of his notices explicitly states that the allegations contained therein are
21   **not** generally known and **cannot** be accurately and readily determined.  (See ECF No. 51, p. 2.)
22   Thus, pursuant to Rule 201(b), these facts, by Plaintiff's own argument, are **not** appropriately
23   subject to judicial notice.

24   As to Plaintiff's request for reconsideration, "[a] motion for reconsideration should not be
25   granted, absent highly unusual circumstances, unless the district court is presented with newly
26   discovered evidence, committed clear error, or if there is an intervening change in the controlling
27   law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
28   2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration

must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Upon review of Plaintiff's motion, the Court finds that Plaintiff has failed to present any new or different facts or circumstances that did not exist upon the filing of his earlier judicial and administrative notices.  Plaintiff demonstrates only his misunderstanding of Federal Rule of Evidence 201(b), and his persistence in insisting that he be able to file such notices with the Court.  If Plaintiff believes that these facts are relevant to the instant case, the proper way to include them in this action would have been to include them in his amended complaint.  However, Plaintiff **may not** continuously file daily or weekly "notices" with the Court as a way to attempt to preserve evidence or to document any and every perceived violation of his rights, whether relevant to the claims in this action or not.

Accordingly, Plaintiff's motion for reconsideration, (ECF No. 51), is HEREBY DENIED.  <u>Plaintiff is advised that documents submitted to the Court that are not properly styled as a motion or other document recognized under the Federal Rules of Civil Procedure will continue to be stricken from the record or returned without notice</u>.

IT IS SO ORDERED.

Dated:   **April 23, 2020**              /s/ *Barbara A. McAuliffe*       _
                                      UNITED STATES MAGISTRATE JUDGE

3