UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00226-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 50) |

Plaintiff Richard A. Evans is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 21, 2020, the assigned magistrate judge screened the first amended complaint and issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 50.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) Following the granting of an extension of time, plaintiff timely filed objections on June 17, 2020. (Doc. No. 57.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

/////

1

1 objections, the court concludes that the magistrate judge's findings and recommendations are
2 supported by the record and proper analysis.

3 In his objections, plaintiff primarily argues that he understands the linkage requirement
4 and wishes to file a second amended complaint to correctly link the alleged constitutional
5 violations to the named defendants in this case. (Doc. No. 57 at 1.) However, plaintiff was
6 provided with the relevant pleading and legal standards regarding linkage and his First
7 Amendment access to courts and retaliation claims when the magistrate judge screened his
8 original complaint. (*See* Doc. No. 15.) Nonetheless, plaintiff's first amended complaint again
9 failed to include allegations linking any of the named defendants to the alleged denial of
10 plaintiff's constitutional rights. Furthermore, plaintiff does not now assert that he has additional
11 facts to allege in order to link the named defendants to any cognizable claim he might bring.
12 Rather, plaintiff's objections appear to set forth substantive allegations regarding the failure
13 certain prison staff members to provide plaintiff copies for the purposes of pursuing his ongoing
14 administrative grievances and litigation. (*See* Doc. No. 57 at 1.) However, as the magistrate
15 judge correctly noted in the pending findings and recommendations, "[p]laintiff cannot pursue
16 any claims against prison staff based solely on the processing and review of his inmate appeals"
17 because he "does not have a constitutionally protected right to have his appeals accepted or
18 processed." (Doc. No. 50 at 6); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

19 Because plaintiff was provided the applicable legal standards and an opportunity to cure
20 the deficiencies found in his complaint but failed to do so, the undersigned finds that the
21 magistrate judge correctly concluded that the granting of further leave to amend would be futile
22 and is not warranted in this case. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

Accordingly,

1. The findings and recommendations issued on April 21, 2020 (Doc. No. 50) are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a claim; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 13, 2021**

UNITED STATES DISTRICT JUDGE